Lipscomb, J.
We propose discussing the several grounds assigned for error, in the order presented by the counsel for the plaintiffs in error.
It is alleged that the court below erred in permitting the judgment that had been recovered by the defendants in error, in a suit brought by attachment against Reuben Drake, to be read to the jury on the trial iu the court below.
In this suit against Drake, in which the judgment referred to was rendered, that the attachment was levied upon goods as the property of Drake, and a claim of property was interposed by the "defendants in error, under our statute ; and the jury were trying this right of-property, on the claim of the plaintiff in error, when the judgment was read to them, and we can perceive no error in permitting the judgment to be read, because the conveyance of the goods by Drake to the plaintiff in error was sought to be avoided and set aside on the ground of fraud; and it was only iu the character of creditors could the defendants in error have any right or pretext for impeaching the fairness and legality of the conveyance. (Bryant v. Kelton & Uzzel, 1 Tex. R., 415.) And therefore there could be no objection to showing by the judgment that they were creditors.
The court charged the jury “that if they believed from the testimony that “Drake made the sale of the goods iu question for the purpose of defrauding his creditors or hindering or delaying the collection of his debts, “and the said Walcott, the defendant, knew of said design, then the sale was “void.” It is contended that the charge is erroneous, and that if Walcott paid an adequate price, although he might have known that Drake’s design in selling was to defraud or hinder and' delay his creditors, the sale would be valid,'because that by the purchase-money the vendor would be able to pay the debt, or a fund for that purpose would be created. The argument would have been souud if applied to a different face in the sale. If the purchaser did not know that it was the design of the vendor to defraud his creditors, he might well and reasonably suppose the object of the sale was to create a fund for the payment of debts; but a knowledge that he intended to defraud them would repel the presumption that he was providing a fund to pay them. His knowledge of the intended fraud made him a participant in it, ánd rendered the sale void under the second section of the statute of frauds. (Hart. Dig., art. 1452.)
There is nothing in the objection that the court charged the jury “ that fraud “could be provecí by circumstances, and they must .'look to all the cireum-“stances connected with the transaction.” The common-sense meaning of the language is that they are to look to the circumstances in proof, and it would be so understood by a juror of ordinary understanding. It would be a forced and strained construction to say it authorized them to go outside of the testimony and look to circumstances not in proof; and to claim a reversal on such a ground would be to ask tiffs court, as it was merely possible that a very stupid man may have misunderstood the judge, therefore this court ought to presume that he had been so misunderstood in his charge and reverse the judgment. The correct rule is the very reverse.
The last ground presented by the counsel for the plaintiff in error is that the verdict of the jury is contrary to law and the evidence. This objection does not seem to be well taken. From the statement of facts it is seen *213 that there was a good (leal of evidence taken, but that it fully sustained the finding’of the. jury, and from those facts it would be exceedingly difficult to arrive at any other conclusion than that tho sale was designed to defraud creditors, and that this design was known to the plaintiff in error when he became the purchaser.
The judgment is affirmed.
Judgment affirmed.
Note 78. — Mosely v. Gainer, ante 303.